Requestor: John B. Nesbitt, Esq., Village Attorney Village of Palmyra P.O. Box 86 Palmyra, New York 14522
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked that we construe section 207-m of the General Municipal Law which requires that the salary of the permanent full-time head of a police department who is not a member of a collective negotiating unit be increased by at least the same total amount as an increase in the base salary of the highest ranking subordinate police officer who is a member of a negotiating unit. This provision does not apply to police departments employing 575 or more permanent, sworn police personnel.
You have indicated that your village's police department consisted of a chief and patrolmen, until the village created the new position of sergeant carrying a salary that was $750 more than the highest ranking patrolman. An officer was promoted to that position and received a $750 raise. You question whether under section 207-m it was the obligation of the village at that time to grant to the police chief an equivalent raise.
The purpose of section 207-m was to alleviate the serious salary compressions among the top ranks of police departments across the state, especially for police chiefs not in negotiating units (Bill Jacket, L 1977, ch 827, Memorandum supporting Assembly 7913). The apparent intent was to halt a trend in which subordinates earned as much or almost as much as the heads of local police departments (ibid.). In our view, the creation of a new highest ranking subordinate position, in this case sergeant, with an increased salary is a salary increase within the meaning of section 207-m (see 1986 Opn. St. Comp. No. 86-23). We believe that the chief should also have received a $750 increase. Were this not the case, a municipality would be free to create new positions at salaries equal to or even greater than the chief of police, thus defeating the legislative intent underlying section 207-m.
You have also informed us that at some point your police chief retired and the deputy chief was appointed as chief on a provisional basis at the same pay he had been receiving as deputy chief. Later, this person was Appointed permanently as chief and given a raise. The salary for the position, however, remained lower than that of the past chief. You have asked whether this action complied with section 207-m.
Palmyra has set a fixed salary for the chief of police. There is no salary schedule for this position. In our view, the deputy chief, upon appointment to the position of chief was entitled to at least the compensation paid to his predecessor. A different finding would undermine the legislative intent underlying section 207-m, to prevent the compression of the salary of the head of a police department.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.